Félix Benítez Rexach, Plaintiff and Appellant, *v.* Arturo Ramos and Celestino Benítez, Defendants and Appellees.

No. 5391.   Argued May 19, 1931.—Decided July 28, 1931.

*Adrián Agosto* for appellant.   *Celestino Benítez, in pro. per.,* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

In this case there was rendered a judgment on the pleadings. The action is one of debt brought against Arturo Ramos and Celestino Benítez. It was alleged, in short, that plaintiff Félix Benítez Rexach has been the owner of a two-story concrete house at No. 272, Loíza Street, Santurce, San Juan, since February 15, 1928; "that a certain Juan Quiñones was on January 30, 1928, the agent of the owner in charge of the administration of said house and in this capacity rented the same to defendant Arturo Ramos Thulier at a monthly rental of $45, payable on the 4th of each month, and to secure the punctual payment of such rent defendant Ramos furnished a bond executed by the other defendant, Benítez, who thereby constituted himself as surety and principal debtor under the instrument, which was jointly sub-

scribed by him and Ramos Thulier and delivered to said administrator, and textually reads as follows:

" 'SURETY BOND.—I acknowledge myself bound, as surety, principal debtor, and solely liable in the sum of forty-five dollars a month as the monthly rental of the house at No. 272 Loíza Street occupied by Don Arturo Ramos, which sum I bind myself to pay to Don Juan Quiñones on the 4th of each month in case of failure on the part of the tenant to do so, without waiting for a claim to be filed, for in the latter case I bind myself also to pay all the costs, expenses, and damages, it being specially understood that the within bond shall cease to be effective only after the said house shall have been vacated by said tenant. In witness whereof and renouncing any and all laws in my favor, including any defense based on domicile, I hereunto set my hand at San Juan, Puerto Rico, this 30th day of January, 1928. (Signed) Arturo Ramos.—Celestino Benítez.—The landlord binds himself to notify the surety, in writing, as soon as the tenant shall have defaulted in the payment of the rent. (Signed) Celestino Benítez.' ''

It was further alleged that Ramos took possession of the house on January 30, 1928, and occupied the same until July 5, 1928, when he was dispossessed for failure to pay the rent pertaining to the period from February 15 to July 5, 1928, amounting to $210, which has not been paid by either of the defendants notwithstanding the demands for payment made upon them; that the plaintiff was compelled to dispossess Ramos by resorting to judicial proceedings which cost him $100; and that as soon as Ramos had defaulted in his payments, Benítez was notified.

There is no showing in the record as to whether or not defendant Ramos appeared. The other defendant, Celestino Benítez, appeared and interposed a demurrer to the complaint for want of facts sufficient to constitute a cause of action. This demurrer was overruled and, on motion of the plaintiff, a judgment of dismissal was entered from which an appeal has been taken to this Court.

In its statement of the case and opinion, the trial court expressed itself partly as follows:

"The surety bond transcribed in the complaint is extrʌmely obscure and confusing. However, there is no doubt that the bond executed by defendant Benítez was in favor of Juan Quiñones, who is not the plaintiff in the present case. It is specifically provided by the law that 'every action must be prosecuted in the name of the real party in interest.' A mere reading of the instrument shows that the party interested in the enforcement of the obligation subscribed by Benítez is Juan Quiñones, a person other than the plaintiff. Nor is there any contractual relation between Quiñones and the plaintiff, since it is not alleged in the complaint that the obligations undertaken in favor of Quiñones had been assigned in their entirety to the plaintiff. According to the bond before us, Benítez undertook to pay for Ramos to Juan Quiñones, but not to the plaintiff, and this court has not been placed, by the averments themselves of the complaint, in a position to know what were the relations between Quiñones and the former owners of the immovable, or between Quiñones and the present owner, the plaintiff in this action. It is true that according to the law, 'the vendee is subrogated to all the rights and actions of the vendor'; but the vendor in this case, as appears from the second paragraph of the complaint, is not Juan Quiñones but some third persons, to wit, José Cruz Santana and Georgina Alejandro. Inasmuch as, in our view, there is no relation between these parties by virtue of which the present owner was subrogated to the rights and actions of Juan Quiñones, if any he had, and since the bond executed in favor of Juan Quiñones was strictly personal and did not empower the obligee to endorse the bond in favor of another person, the court considers that the demurrer for insufficiency is well founded; and this is all that the court must determine at this stage, as it was the only question argued by the parties."

The appellant assigns in his brief two errors, to wit: (1) That the court erred in dismissing the complaint notwithstanding the fact that Celestino Benítez had bound himself as principal debtor and severally liable for the rentals owed by Ramos; and (2) that it also erred in holding that the plaintiff had no cause of action as against defendant Celestino Benítez because the surety bond was subscribed in favor of Juan Quiñones, a person other than the plaintiff, and because the instrument was not assignable.

The two errors may be considered together. The real question for consideration and determination is whether the

complaint states facts sufficient to render defendant Celestino Benítez liable to plaintiff Félix Benítez Rexach.

Although we admit that the case is doubtful and that the reasoning contained in the opinion of the trial court has great weight, it seems to us that it may and should be concluded that the complaint is sufficient, since it is therein alleged that Quiñones had been placed in charge of the house by its owner and in that capacity he had rented it to defendant Ramos; and that, as defendant Benítez had become "surety, principal debtor, and solely liable" for the rent of the house in question, the fact that the bond was executed in favor of Quiñones does not preclude the conclusion that it was given in favor of the owner whom Quiñones represented.

The fact that the contract was executed while plaintiff Benítez Rexach was not the owner is without importance. The ownership itself was unaffected.

Moreover, the citation by the appellant of section 1619 of the Civil Code, in regard to the demurrer, is not without some bearing on the instant case.

Therefore, the judgment appealed from must be reversed and another rendered overruling the demurrer but, in view of the attendant circumstances, allowing the defendant to file an answer within ten days, counted from the entry of our judgment in the proper book of the district court.